UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT MALDONADO, JR., individually and on behalf of all others similarly situated, ) ) ) PLAINTIFF, ) ) v. ) ) PIONEER CREDIT RECOVERY, INC., ) ) DEFENDANT. ) | Civil Action No. 17-cv-00969<br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Robert Maldonado, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3. Defendant sent Plaintiff a collection letter threatening to notify his employer of an administrative wage garnishment for a student loan without sending a required notice of Plaintiff's rights to rehabilitate or object to the student loan.

4. Plaintiff has a congressionally defined right to receive communications from a debt collector free from threats to take unlawful actions.

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.).

## PARTIES

6. Plaintiff, Robert Maldonado, Jr., ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a student loan. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Pioneer Credit Recovery, Inc. ("Pioneer"), is a Delaware corporation that does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from Illinois Secretary of State).

8. Pioneer is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Pioneer holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. Pioneer regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a student loan ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. The alleged debt was then assigned to Pioneer for collection.

14. On or about December 2, 2016, Pioneer sent Plaintiff a letter ("Letter"). (Exhibit C, Letter).

15. The Letter conveyed information about the alleged debt, including an account number, the identity of the original creditor, and a current balance.

16. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

17. The Letter stated in relevant part:

> **This may be your last opportunity to make satisfactory payment arrangements on your student loan(s). If these arrangements are not made, we will begin or continue the process of verifying your employment for Administrative Wage Garnishment.**
>
> **. . . After the completion of this administrative offset process, your employer may be ordered to deduct 15% of your disposable income before you are paid. If your employer does not comply with this order, a lawsuit may be filed against your employer.**

(Ex. C, Letter) (emphasis in the original)

18. In fact, it was not Plaintiff's last opportunity, because before initiating a wage withholding to collect on student loan payments, Pioneer is required to send a notice of Plaintiff's rights under 34 CFR §34.5 and 20 U.S.C. § 1095a ("1095 notice").

19. Those rights do include making satisfactory payment arrangements, but also include several alternatives that Pioneer left out of its Letter, including submitting a request for a loan rehabilitation, objecting to the existence, amount or current enforceability of the debt, or filing a bankruptcy proceeding and seeking a hardship exemption to discharge the student loan.

20. § 1095a and 34 C.F.R. § 34 contemplate that a debt collector will provide a student loan debtor 30–days' notice, including an explanation of certain debtor rights, before the debt collector may initiate garnishment proceedings.

21. Pioneer left out these alternatives to create a false sense of urgency for Plaintiff, and to coerce Plaintiff into paying the alleged debt with threats of contacting his employer.

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

23. Pioneer falsely threatened to initiate a wage garnishment proceeding if Plaintiff did not make satisfactory payment arrangements, in violation of 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5), and 1692e(10), when it threatened an Administrative Wage Garnishment without first providing the notice of Plaintiff's rights as required by 34 CFR §§ 34.5 and 34.6.

24. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

25. Pioneer used unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threatened an administrative wage garnishment against Plaintiff while failing to notify him of his rights as required by law.

26. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, Defendant's misrepresentation that it could begin an administrative wage garnishment without proper notice of Plaintiff's rights would cause Plaintiff to make payment arrangements on the alleged debt instead of applying for a loan rehabilitation or objecting to the debt, as was his right.

27. Implying that garnishment is imminent, and that a debt collector has the present right to administer a wage garnishment, prior to sending the 1095 notice, states a claim under the FDCPA. *Biber v. Pioneer Credit Recovery, Inc.*, No. 1:16-CV-804, 2017 WL 118037, at *7 (E.D. Va. Jan. 11, 2017)

28. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

29. Plaintiff, Robert Maldonado, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt using a letter substantially similar to that of Exhibit C.

30. Defendants regularly engage in debt collection, including attempting to collect debt via the mails, in their regular course of business.

31. As the letter was a form letter, the Class likely consists of more than 35 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit E.

32. Plaintiff Maldonado's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

34. Plaintiff Maldonado will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Maldonado has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

**COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM**

35. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

36. Pioneer falsely threatened to initiate a wage garnishment proceeding if Plaintiff did not make satisfactory payment arrangements, in violation of 15 U.S.C. §§ 1692e, 1692e(4),

1692e(5), and 1692e(10), when it threatened an Administrative Wage Garnishment without first providing the notice of Plaintiff's rights as required by 34 CFR §§ 34.5 and 34.6.

37. 2Pioneer used unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threatened an administrative wage garnishment against Plaintiff while failing to notify him of his rights as required by law.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

   A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3);

   C. And such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
Celetha C. Chatman

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com